UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**PATRINA FREEMAN,**

          *Plaintiff*,

-vs-

**TOWN OF IRONDEQUOIT, KIMMIE ROMEO, and JOHN PERTICONE,**

          *Defendants*.

**DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO DISMISS**

Civil Action No.
6:22-cv-6136 (DGL)

---

**SCOTT P. ROGOFF**, declares as follows:

1. I am an attorney-at-law duly licensed to practice in the State of New York and a partner with the law firm of Barclay Damon LLP. Our office represents the Defendants Town of Irondequoit (the "Town"), Kimie Romeo (incorrectly named as "Kimmie Romeo") and John Perticone in the above action. I am fully familiar with the matters set forth herein.

2. I make this Declaration in support of the Defendants' motion to dismiss the Plaintiff's Complaint in this matter pursuant to Rule 4 (a) of the Federal Rules of Civil Procedure for failure to serve Defendants with a proper summons, Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted, and Rule 12 (b)(7) of the Federal Rules of Civil Procedure for failure to join a necessary party.

**PROCEDURAL HISTORY**

3. On March 23, 2022, Plaintiff filed a Complaint in the United States District Court for the Western District of New York against the Defendants herein. (Docket No. 1.)

4. On April 2, 2022, Defendant Romeo's daughter received the Complaint at her home.

BARCLAY DAMON, LLP

24399607.1

5. On April 4, 2022, the Town of Irondequoit ("Town") received the Complaint upon its delivery to the Town Clerk.

6. Plaintiff did not deliver the Complaint to Defendant Perticone, but instead left it with a low-level Town employee at Town Hall on or about April 6, 2022.

7. Included with each Complaint was a summons in the form of each "Request for Issuance of Summons" set forth in Docket No. 1, Attachments 2-4. None of the summonses delivered to the Defendants bore the signature of the Court Clerk or the Court Seal. See, Docket No. 1, Attachments 2-4.

8. Plaintiff's counsel filed as Docket No. 2 summonses which **_do_** contain the clerk's signature and the Court's seal, but these summonses were not served upon any of the Defendants.

9. As set forth in the Defendants' Memorandum of Law ("Memo of Law") submitted herewith in support of the instant motion, the Complaint should be dismissed because the Defendants have not been served with a proper Summons and Complaint.

**PLAINTIFF'S CLAIMS
AND GROUNDS IN SUPPORT OF DEFENDANTS' MOTION**

10. Plaintiff's Complaint alleges a series of unrelated events she perceives as personal slights, along with purported efforts by the Defendants and Town employees to frustrate her personal legislative agenda. Memo of Law, Section II. Indeed, Plaintiff's Complaint seeks $2 million in monetary relief to benefit herself at the expense of the very residents who elected her to office. Plaintiff also seeks damages arising out of an altercation between herself and Defendant Romeo, along with injunctive relief to stop the operations of a program which is not a party to this action. Docket No. 1, "Prayer for Relief," ¶¶ (a)(1-2).

11. The Complaint alleges four (4) causes of action. Counts I and II are asserted against Defendants under 42 U.S.C. Section 1983 for alleged violations of the Equal Protection Clause to the Fourteenth Amendment based on race. Count III is asserted against Defendants under 42 U.S.C. Section

BARCLAY DAMON, LLP

1981.  Count IV is asserted against Defendant Romeo in her capacity as a government official for allegedly making a false police report Plaintiff claims injured her reputation.  Docket No. 1, ¶¶79-83.

12. As set forth in the Defendants' Memorandum of Law submitted herewith, each Count should be dismissed on the following grounds:

(a) Counts I, II, and III should be dismissed because the Complaint does not allege facts supporting a Section 1983 or Section 1981 claim, and because the Defendants are immune from civil liability for their legislative actions.  Memo of Law, Sections III (B) (2-4, 6);

(b) Count IV should be dismissed because the Plaintiff failed to serve a notice of claim before seeking relief for the alleged tort, and because the Complaint fails to plead the elements of common-law defamation. Memo of Law, Section III (B) (7);

(c) All Counts should be dismissed because the Plaintiff failed to join a necessary party to the action.  Memo of Law, Section III (B) (5); and

(d) Should the Court dismiss Plaintiff's federal causes of action, the Court should exercise its discretion and decline to exercise supplemental jurisdiction over Plaintiff's common law tort claim in the event that claim survives the instant motion.  Memo of Law, Section III (B) (8).

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

BARCLAY DAMON, LLP

**WHEREFORE**, for all of the reasons detailed above and in the accompanying Memorandum of Law, the undersigned respectfully requests that this Court enter an Order:

(A) Dismissing the Complaint with prejudice and on the merits; and

(B) Granting such other and further relief as the Court deems just and proper.

**DATED:**   April 25, 2022                              **BARCLAY DAMON LLP**

                                                         By:   /s/ Scott P. Rogoff
                                                               Scott P. Rogoff, Esq.

                                                         *Attorneys for Defendants*
                                                         Office and P.O. Address
                                                         2000 Five Star Bank Plaza
                                                         100 Chestnut Street
                                                         Rochester, New York 14604
                                                         Tel: (585) 295-4400
                                                         Email: srogoff@barclaydamon.com

BARCLAY DAMON, LLP

24399607.1