# BARCLAY DAMON LLP

November 2, 2022

**VIA ECF**

Honorable David G. Larimer
United States District Court
Western District of New York
100 State Street
Rochester, New York 14614

  Re: <u>Freeman v. Town of Irondequoit et al.</u>
     <u>Docket No. 6:22-cv-06136-DGL</u>

Dear Judge Larimer:

  Per the Court's Order dated October 20, 2022, we submit this letter brief on behalf of the Defendants in the above action and in response to the Plaintiff's claim that ICARE, a program conceived by a local Town Proclamation, has standing to bring suit under 42 U.S.C. §1981 as alleged in the third cause of action pled in the Plaintiff's Amended Complaint. For the reasons that follow, ICARE does not have such standing to sue.

  **<u>Background Surrounding ICARE's Creation</u>**

  On October 20, 2020, Defendant Town of Irondequoit (the "Town") issued a "Proclamation" under which the Irondequoit Commission Advancing Racial Equality ("ICARE") was conceived. We respectfully request that the Court take judicial notice of the Proclamation, which is attached hereto.

  Notably, and as set forth in the Proclamation, ICARE has an advisory role only, with no budget, no independent existence apart from the Town, and with no authority to sue, be sued, enter into contracts, receive or expend money, or take any action whatsoever on behalf of the Town. To the contrary, the express charge of ICARE is to "review, identify, develop, and *recommend* policies, procedures and practices *for the Town's consideration* that will make the Irondequoit community more equitable." See, Proclamation, ¶6 (emphasis added). At most, ICARE was required to "submit to the Town Board a report that *recommends* strategies and action items *for Town Government to consider* that will strive to accomplish its core objectives of diversity, equity, and inclusion." See, Proclamation, ¶8 (emphasis added).

  It is clear from the express language of the Proclamation that the Town has (and had) no

2000 Five Star Bank Plaza - 100 Chestnut Street - Rochester, New York 14604  barclaydamon.com
SRogoff@barclaydamon.com  Direct: (585) 295-4418  Fax: (585) 295-8421
Also Admitted in: Massachusetts

25388082.1

obligation whatsoever to implement, support, or fund any specific recommendation made by ICARE. The extent of ICARE's authority is (and has always been) to make recommendations for the Town Board's consideration. ICARE has no further authority. The Town, in the sole judgment and discretion of its Board members, then determines whether to implement any of ICARE's recommendations, and even then, to what extent. ICARE cannot bind the Town or otherwise act on the Town's behalf. Plaintiff Patrina Freeman signed the Proclamation forming ICARE in her capacity as Town Councilmember.

### ICARE Does Not Have Standing to Assert a §1981 Cause of Action

Plaintiff alleges in ¶67 of her Amended Complaint that Defendants interfered with ICARE's "ability to contract" in violation of 42 U.S.C. §1981. See, Docket No. 14 (2). ICARE lacks standing, however, to assert a §1981 claim as a matter of law and has no ability to contract.

Title 42 U.S.C. § 1981 guarantees the rights to make contracts and seek the protection of the courts as follows:

> "All **persons** within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

*Wade v. Kay Jewelers, Inc.,* 2018 U.S. Dist. LEXIS 158260 (D. Conn. September 17, 2018) (emphasis added).

At the outset, there is no dispute that ICARE is not a "person." And, while incorporated entities may be considered a "person" under §1981 in certain circumstances, there is likewise no dispute that ICARE is not an incorporated entity. It is a Town program with no legal identity apart from the Town. Accordingly, and to the extent the Amended Complaint can be construed to contain a claim by ICARE for relief under §1981, that claim should be dismissed for lack of standing because ICARE is not a person under the statute.

ICARE similarly lacks standing to bring a §1981 cause of action because it has no right to engage in any of the activities enumerated in the statute – here, the right to make and enforce contracts. See, Amended Complaint, ¶67; *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085, 1087 (2d Cir. 1993).

As discussed above, ICARE is simply an advisory program. The Proclamation Ms. Freeman signed forming ICARE does not vest ICARE with any authority to enter into a contract either on its own behalf or on behalf of the Town. All ICARE can do is make recommendations for the Town's consideration – which the Town may accept, reject, or modify as its duly elected Board members deem appropriate. Any proposed agreement with a third party would have to be executed by the Town – it cannot be executed by ICARE. Accordingly, ICARE has no contractual constitutional right to protect in the first instance, which is another reason ICARE does not have

standing to sue under §1981.

For that same reason, neither the New York General Associations Law nor Fed.R.Civ.P. 17(b)(3) (both of which were raised during oral argument) apply here to confer standing upon ICARE. In that regard, Article 3, §12 of the General Associations Law allows the President or Treasurer of an unincorporated association to maintain an action to recover property (inapplicable here), or "upon any cause of action, for or upon which all the associates may maintain such an action …, by reason of their interest or ownership therein, either jointly or in common." *Id.* As a threshold matter, Ms. Freeman is neither the President nor Treasurer of ICARE. That program has no such officers. At most, Ms. Freeman is the Chair of ICARE (a program without power to bind itself or the Town to any agreement) and she has not provided the Court with any decision in which the chair of a Town-created program had standing to sue the Town under §1981. Plaintiff's reliance on *Black's Law Dictionary* for a strained interpretation of "President" is misplaced.

Similarly, Plaintiff has not come forth with any support for the proposition that ICARE is even an "unincorporated association" under the General Associations Law. It is not. In that regard, ICARE is a Town program. It has no legal identity or existence separate and apart from the Town. It has no authority beyond making recommendations to which the Town is not bound. Moreover, Plaintiff does not allege in her Amended Complaint (nor could she) that ICARE seeks relief based on a cause of action "upon which *all* the associates may maintain such an action." N.Y. General Associations Law, Article 3, §12 (emphasis added). As discussed above, the Amended Complaint alleges that Defendants interfered with ICARE's ability to contract with a third party. Docket No. 14 (2). The Amended Complaint says nothing at all concerning any "associates" of ICARE, let alone that Defendants did anything to prevent anyone associated with ICARE from entering into any contract whatsoever. They did not. And as further explained above, ICARE has no authority to enter into any contract.

Federal Rule of Civil Procedure 17(b)(3) also is inapposite here. In that regard, the Rule states that where (as here) state law does not apply, an unincorporated association may sue to "enforce a substantive right existing under the United States Constitution or laws." *Id.* Again, ICARE has no substantive constitutional or legal right to contract. To the contrary, as an advisory program inextricably attached to the Town, and formed without any authority to engage in any act beyond making recommendations to the Town, ICARE cannot enter into a contract on behalf of itself or the Town. It simply has no contractual right to enforce.

Indeed, ICARE has no Article III standing whatsoever. To confer such standing to pursue a claim for deprivation of constitutional rights, a plaintiff must first plead that they have suffered an "injury in fact," i.e., an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). The Amended Complaint does not allege that ICARE itself has sustained any such injury, nor could it, as the program does not have any constitutional right to protect.

Rather, the Amended Complaint alleges that Defendants opposed a program with ICARE because it was seen as increasing the Black population in Irondequoit. Amended Complaint, ¶67.

Accordingly, it is clear that ICARE does not seek relief in this action on behalf of itself, it seeks relief on behalf of third parties, i.e., the "Black population in Irondequoit." A demand for such relief is impermissible under §1981.

In *Puglisi v. Underhill Park Taxpayer Ass'n,* 947 F. Supp. 673 (S.D.N.Y. 1996), the court explained the requirement that a §1981 plaintiff generally cannot commence an action based on the rights of others or on behalf of the rights of third parties. Rather, the plaintiff must seek relief on their own behalf to have standing to sue under §1981. The court noted: "…in interpreting the requirements of standing for legal claims under these sections [§1981 and §1982], the courts have reasoned that 'prudential limitations on standing ordinarily require that an action under section 1981 or 1982 be brought by the direct victims of the alleged discrimination because they are best situated to assert the individual rights in question.' " *Id.,* citing *Clifton Terrace Associates v. United Technologies Corporation,* 289 U.S. App. D.C. 121, 929 F.2d 714, 721 (D.C. Cir. 1991); see also, *Sterngass v. Bowman,* 563 F. Supp. 456 (S.D.N.Y. 1983) (court held that in actions commenced under the civil rights statutes, plaintiffs may only sue for deprivation of their own constitutionally and federally protected rights and not the rights of others); *Javits v. Stevens,* 382 F. Supp. 131 (S.D.N.Y. 1974).

In *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472 (1982), the Court held that Article III requires a plaintiff "to 'show that he *personally* has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" *Id.,* quoting *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979) (emphasis supplied). The Amended Complaint does not allege ICARE or any of its members suffered any injury as a result of any act taken by any of the Defendants. They did not.

In summary, ICARE lacks standing to sue under §1981 because it is not a person, has no substantive constitutional or other legal right to make or enforce a contract, and does not seek relief on its own behalf. Rather, ICARE seeks relief on behalf of others. The cases cited by Plaintiff in her letter brief do not compel a contrary result.

Notably, Plaintiff does not cite a single decision in which a court found that a program brought about by a municipal proclamation (like ICARE) had standing to sue the municipality under §1981. Nor does Plaintiff cite any decision in which a court found that such a program was a "person" capable of maintaining a cause of action against the town under §1981. For these reasons alone, the Court should find ICARE does not have standing to assert §1981 claim against the Defendants here.

Plaintiff instead relies on inapposite civil rights cases such as *NAACP v. Alabama*, 377 U.S. 288 (1964) which was an action brought by an ***incorporated*** entity Plaintiff's counsel erroneously identifies in his letter brief as an unincorporated association. The NAACP is nothing of the sort: "Petitioner [NAACP] is a **nonprofit membership corporation organized under the laws of New York …**" *Id.,* at 288 (emphasis added). *NAACP v. Alabama* does not involve §1981 or an unincorporated program like ICARE. It has no application to the instant matter.

Similarly, *Joint Anti-Fascist Refugee Comm. v. McGrath,* 341 U.S. 123 (1951) (another

Hon. David G. Larimer
November 2, 2022
Page 5

case cited by Plaintiff) does not apply here. That decision involved an effort by the United States Attorney General to place the Petitioner on a list of communist organizations that was then disseminated throughout the country. The Attorney General's authority to place such organizations on the list derived from an Executive Order that specifically referenced organizations and associations. It had nothing to do with federally protected contract rights or municipal programs.

Another case cited by Plaintiff, *Warth v. Seldin,* 422 U.S. 490 (1975) supports Defendants' position. In that case, the Court found that an unincorporated association did not have standing to bring a claim on behalf of third parties who might have been harmed indirectly by the defendant. None of the cases cited by the Plaintiff in her letter brief apply to the facts and issues before this Court and certainly do not establish that ICARE can maintain a cause of action against any of the Defendants under §1981. It cannot.

Simply stated, Plaintiff has failed to provide the Court with any support for the proposition that a municipal program like ICARE – created by a town proclamation, without any authority to take any action whatsoever on its own behalf or on behalf of the Town, has standing to sue the Town for violations of 42 U.S.C. §1981 when the Chair of the program is subjectively displeased with the Town's support for the program. It does not. For the same reasons, it is irrelevant whether Ms. Freeman has the right to sue on behalf of ICARE. The simple fact is that ICARE has no constitutional right to protect in this matter as a matter of law, nor any right to bring an action on Ms. Freeman's behalf.

For all of the above reasons, I-CARE does not have has standing to bring a §1981 claim. The Amended Complaint should be dismissed in its entirety.

Respectfully Submitted,

/s/ Scott P. Rogoff

Scott P. Rogoff

SPR:prh

25388082.1