

**Nathan D. McMurray**
Special Counel

nmcmurray@advocatesny.com

225 Broadway, Suite 1902
New York, New York 10007

t. (716) 517-5506
f. (212) 285-1410

www.afjlaw.com

November 3, , 2022

By ECF

Hon. David G. Larimer
United States District Court
100 State Street
Rochester, New York 14614

      Re:    Freeman v. Town of Irondequoit
               Case No. 6:22-cv-06136-DGL
               Reply Memorandum of Law Re I-CARE Standing Under Section 1981
               and Capacity to Sue Under the General Associations Law

Dear Judge Larimer:

Please this brief Reply to Mr. Rogoff's letter of November 1, 2022.

Attorney Rogoff mad a number of factual assertions in his letter which were inappropriate on a Motion to Dismiss. But one stood out and was contradicted by his client in a publication that same date.

Attorney Rogoff asserted: *"Notably, and as set forth in the Proclamation, ICARE has an advisory role only, with no budget, no independent existence apart from the Town, and with no authority to sue, be sued, enter into contracts, receive or expend money, or take any action whatsoever on behalf of the Town."* Attorney

On that same day the Town of Irondequoit Town Board censured the Plaintiff. A copy of the resolution is annexed as Exhibit A. The first numbered paragraph in the Censure resolution states:

1. On several occasions, Councilwoman Freeman tried to use Town resources for the benefit of an **organization not part of the Town government,** without prior Town Board approval. Specifically, despite knowing that ICARE is not entitled to use Town Resources for free without prior Town Board approval, Councilwoman Freeman improperly sought for ICARE: use of Town conference rooms without the normal rental fee; use of public funds to purchase supplies for non-Town events hosted by



Hon. David G. Larimer
November 3, 2022
Page 2

ICARE; coverage under the Town's insurance policy for a non-Town event hosted by ICARE at a local school; and payment by the Town for ICARE website and associated technical support.

The Town Council and Attorney Rogoff clearly contradict each other. There is no explanation for how ICARE can have "no existence apart from the Town," but that Mrs. Freeman can face the charges she faces, unless it is that Attorney Rogoff made up "facts"  in order to support his argument that ICARE does not exist as an entity. His assertion that ICARE doesn't exist as anything other than a Town "program" winds its way through his entire letter brief. (Page 3 – "It has no legal identity or existence separate and apart from the Town.") His client does not seem to agree.

We ask that the Court not consider the "factual" assertions made by Attorney Rogoff.

Respectfully submitted,

*Arthur Z. Schwartz*

Arthur Z. Schwartz


cc:     All Counsel (by ECF)